PARKER AND BLISS *against* GRANT AND OTHERS.

A decree fairly and regularly obtained, by default, for want of an answer, will not be set aside to let in a defence founded on a fraudulent speculation.

The application, in such case, is to the grace and favour of the court ; and the defendant must show that he is deserving of favour.

THE *petition* of the defendants stated, that the plaintiffs filed their bill on the 11th of *April* last, and it set forth the substance of it, which related to fraud alleged in the purchase of a lottery ticket that had drawn a prize ; that an injunction was issued, &c. ; that the defendants, intending to defend the suit, employed *D. Rodman* as their solicitor, who gave notice of his appearance on the 13th of *April ;* that he prepared an answer to the bill, the substance of which was set forth in the petition ; that the answer was engrossed when the solicitor was informed that the bill had been amended ; that they understood that the amendment was decreed to be irregular, and expunged ; but, on special motion for that purpose, on the 8th of *May* last, the *amendment* was re-inserted, which the petitioner set forth, and that that it was of the very essence of the bill, and without which it could not be sustained ; that, on the 8th of *May*, an order was made that the defendants answer the bill, as amended, in six weeks, or that the bill be taken *pro confesso.* That, on the 17th of *July* last, the bill was taken *pro confesso*, for want of an answer, and that the amount of the prize was brought into court and invested in stock, by order of the court, to abide the event of the suit. That, by the decree of the court, of the 30th of *November* last, the stock was directed to be transferred to the plaintiffs, and the defendants were decreed to pay the costs : that from the time of filing the bill, until within 12 days last past, the defendants were not apprized that any proceedings were had against them, for want of an answer, or that the bill had been taken *pro confesso ;* but were then informed that their solicitor had suffered a continued series of neglects ; that he had received

repeated personal notices in writing from the solicitor of the plaintiffs, of the different steps taken in the cause, and had never communicated any of them to the defendants, but suffered them to believe that their defence was duly attended to, and that no *laches* had been suffered to their prejudice : that the defendants were always ready to answer the bill.    That the defendant, *Root*, to the knowledge of their solicitor, had resided continually in *Albany*, and that *Cutler* resided in the same place until the 26th of *May*, when he removed to *New-York ;* and that the defendant, *Grant*, resided in *Albany* until the 1st of *May*, when he left it, but had been there frequently since, and now resided in *New-York ;* and that, since the filing of the bill, their solicitor had conversed very often with the defendant, *Root*, about the suit, and had been paid, several times, several large sums of money, for fees, &c. ; that the solicitor is poor, and unable to refund to the defendants any damages, &c.  The petitioner prayed for leave to answer, &c.    The petition was sworn to by the defendant, *Root*, who added that he believed, and was so advised by his counsel, that the defendants have a good and substantial defence on the merits.

*I. Hamilton*, on reading the petition, moved that the defendants have leave to put in their answer, &c.

*Henry*, contra, read the deposition of *D. Rodman*, stating that he was retained as solicitor for the defendants ; that he entered an appearance and prepared an answer, according to instructions in the handwriting of the defendants ; that when he showed the answer to *Grant*, he said it was not correct, and that *Root* had no interest in the purchase, and that he would write to *Cutler*, at *New-York*, and abide his decision ; that, in *October* last, the deponent, being in *New-York*, saw *Cutler*, and informed him of the objections of *Grant*, and *Cutler* said he would see *Grant* and have the matter fixed ; that since that time he had not heard from *Grant* or *Cutler ;* that he had repeatedly informed the defendant, *Root*, of the

1815.

PARKER
v.
GRANT.

state of the suit, and of the impossibility of filing an answer as prepared, and that the defendants must agree in their story; that *Root* had often promised to write to *Cutler*, and have every thing arranged; that the deponent had received no more than 40 dollars from the defendants; that he had used the utmost diligence to have the answer filed; and the omissions and neglects, if any, were solely attributable to the defendants.

THE CHANCELLOR. A motion was made, on the 11th instant, to set aside the decree which was entered on the 30th of *November*, and to permit the defendants to answer. That motion was unaccompanied with any affidavit of either of the defendants, and no satisfactory reason was given why none was produced; and the affidavit of Mr. *Henry*, the solicitor of the plaintiffs, stated the history of the cause, and the repeated delays of the defendants, and the indulgence granted by him from the 8th of *May*, when the order to answer was entered, to the 30th of *November*, when the final decree was pronounced by default, after the cause had been regularly set down for hearing. The motion was, consequently, denied.

The same motion is now renewed, and accompanied with an affidavit of one of the defendants, disclosing the merits of the defence. This is an application to the grace and favour of the court, to let in a party to defend, after a decree has been regularly entered against him by default. To whom the neglect to defend in proper time is to be attributed, I am not able to say, as the defendants, and their solicitor, accuse each other of that delay. But I am now put in possession of the real defence, and, admitting all that is stated in the petition, I am of opinion, that the purchase of the ticket was a fraudulent speculation, undeserving of favour. I will not set aside a decree fairly and regularly obtained, to let in such a defence. The motion is, therefore, denied, with costs.

Order accordingly.

END OF THE CASES.